# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARVIN FORD,

  Plaintiff,    CIVIL ACTION NO. 08-CV-11374-DT

 VS.        DISTRICT JUDGE DENISE PAGE HOOD

PATRICIA CARUSO, et al.,  MAGISTRATE JUDGE MONA K. MAJZOUB

  Defendants.

_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION**: This action should be **DISMISSED** pursuant to 28 U.S.C. § 1915A because Plaintiff has failed to state a claim upon which relief may be granted.

**II.** **REPORT**:

 *1. Facts and Claims*

Plaintiff, a Michigan prisoner, brings this action under 42 U.S.C. § 1983. This matter comes before the Court on the Court's duty to screen complaints filed in civil actions in which a prisoner seeks redress from an employee of a governmental entity. 28 U.S.C. § 1915A. Defendants are all employees of the Michigan Department of Correction or otherwise state officials. All pretrial matters have been referred to the undersigned for action. (Docket no. 5). Plaintiff is proceeding *pro se* and, although granted *in forma pauperis* status, has paid the filing fee. (Docket no. 3). Plaintiff is currently housed at the Marquette Branch Prison in Marquette, Michigan. (Docket no. 1). Plaintiff has also filed a "Motion to State a Claim." (Docket no. 4). No summonses have been issued.

Plaintiff names twenty Defendants. His complaint sets out several general allegations without linking the allegations to any particular Defendant. Plaintiff alleges that MDOC officials fabricated official government documents, violated settlement agreements, fabricated prison transfer documents, transferred Plaintiff to a maximum security unit based on known falsehoods, and failed to follow their own procedures. (Docket no. 1). Plaintiff claims that Defendant Caruso, the Director of the MDOC, improperly trains and supervises correctional officers. Plaintiff seeks relief in the form of damages and a transfer. In Plaintiff's "Motion to State a Claim" he alleges that correctional officers steal the prisoners' legal and personal property and that they beat Plaintiff aided by other inmates. (Docket no. 4).

*2.  Governing Law*

Under 28 U.S.C. § 1915A, the court "shall review" a complaint in a civil action in which a prisoner seeks redress from an employee of a governmental entity or a government officer. 28 U.S.C. § 1915A(a). On this review the court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id*. § 1915A(b)(1). This review must be conducted even if the full filing fee has been paid. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). To state a claim under section 1983, the plaintiff must prove that defendants acted under color of state law and deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A complaint fails to state a claim upon which relief may be granted when under any set of facts that could be proved consistent with the allegations of the complaint, there would remain no entitlement to relief. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). The Court conducts the section 1915A review upon the complaint as it stands without affording the prisoner an opportunity to correct deficiencies. *McGore*, 114 F.3d at 612. The plaintiff must allege

specific facts against a defendant to state a claim against that defendant. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (where complaint alleges no specific act or conduct by party and complaint is silent as to party except for name in caption, dismissal is proper even for *pro se* plaintiffs); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991) (dismissing defendants because complaint filed *pro se* named them in caption but filed to allege specific conduct by them in allegedly wrongful actions).

   3.   *Analysis*

Plaintiff has failed to allege any specific facts against any Defendant except for Defendant Caruso. Plaintiff claims that Defendant Caruso improperly trained or supervised correctional officers. Plaintiff fails to allege that Defendant Caruso played any active role in the conduct which violated his rights. Plaintiff is therefore attempting to impose supervisory liability on this Defendant. However, such liability is not available under section 1983 based on a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Plaintiff has therefore failed to state a claim against Defendant Caruso. Plaintiff has not identified any Defendant who played any part in his alleged beatings. Plaintiff has also not identified any Defendant responsible for transferring him to a maximum security facility based upon false information. Even if he had identified those responsible for his transfer, such a claim fails to state a claim upon which relief may be granted because such transfers do not impose an atypical and significant hardship and therefore do not implicate Plaintiff's constitutional rights. *Kitchen-Bey v. Hoskins*, 2006 WL 3500617 (W.D. Mich. Dec. 4, 2006) (transfer to maximum security allegedly based upon false allegations failed to state a claim).

Plaintiff has failed to state a claim upon which relief may be granted against any Defendant. This action should therefore be dismissed.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   June 18, 2008              s/Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this document was served upon Marvin Ford and Counsel of Record on this date.

Dated: June 18, 2008                          s/ D. Opalewski for Lisa Bartlett
                                                                               Courtroom Deputy