## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARVIN FORD,

      Plaintiff,

Case No. 08-CV-11374-DT

v.

HONORABLE DENISE PAGE HOOD

PAT CARUSO, et al.,

      Defendants.

_____/

### ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation dated June 18, 2008. The Magistrate Judge also entered on the same date an Order Denying Plaintiff's Motion to State a Claim given the Magistrate Judge's recommendation in the Report and Recommendation that Plaintiff's Complaint be dismissed for failure to state a claim. On June 30, 2008, a letter was filed by Plaintiff seeking an extension of time to respond to the Report and Recommendation. Plaintiff filed a Motion for Reconsideration for Leave to File an Amended Complaint to Add Parties on July 7, 2008, which the Court will also consider as Objections to the Report and Recommendation and an Appeal of the Magistrate Judge's Order Denying Plaintiff's Motion to State a Claim since the motion refers to the Magistrate Judge's Report and Recommendation and Order.

The Court has had an opportunity to review the Report and Recommendation and Order and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. Even liberally construing Plaintiff's Complaint and the documents filed by Plaintiff, the Court agrees with the Magistrate Judge that Plaintiff failed to allege sufficient facts as to Plaintiff's supervisory liability

claim against Defendant Pat Caruso. Plaintiff also failed to allege facts to support his claim that Defendant Caruso was personally involved in violating any of Plaintiff's constitutional rights, including Plaintiff's allegation that he was transferred to a maximum security facility based on false information. Theories of vicarious liability or respondeat superior are not sufficient to state a claim for monetary damages under 42 U.S.C. § 1983. *See Rizzo v. Goode,* 423 U.S. 362, 376 (1976). Plaintiff attached a list of twenty (20) Defendants to his Complaint. Plaintiff's Complaint and Motion to State a Claim do not allege sufficient facts to state any claim against the listed Defendants since he does not specifically address how each Defendant was involved in any alleged constitutional violation. Plaintiff's Motion for Reconsideration (and/or Objections) also fails to allege any new facts which support any of his claims even though he states that he has determined the defendants' names should be amended.

The crux of Plaintiff's claims is that his security classification was increased and he was transferred to a maximum security prison in violation of his substantive due process rights. Plaintiff does not have a constitutional right to a specific security classification. *See Meachum v. Fano,* 427 U.S. 215, 224-226 (1976); *Montayne v. Haymes,* 427 U.S. 236, 242 (1976); and, *Hewitt v. Helms,* 459 U.S. 460, 466 (1983).

Plaintiff's Complaint also alleges a violation of a class action settlement agreement. Plaintiff fails to state a claim regarding any violation of a class action settlement agreement because he does not identify which settlement agreement and does not state whether the undersigned has any authority to review alleged violations of the settlement agreement.

Plaintiff's Motion to State a Claim alleges his right to access the courts has been denied. To state a denial of a right to access the courts, a plaintiff must show that a case he prepared was

dismissed for failure to satisfy some technical requirement or that Plaintiff was unable to file a case with the court because of defendant's action. *See, Bounds v. Smith*, 430 U.S. 817, 823, 825 (1977); *Johnson v. Avery*, 393 U.S. 483, 484, 489-490 (1969); and *Ex Parte Hull*, 312 U.S. 546, 547-549 (1941). Plaintiff failed to allege that any case he filed with the court has been dismissed or that he was unable to file a case with any court. Based on Plaintiff's documents submitted to the court in this case, it appears that Plaintiff has been able to sufficiently file documents with this Court. Plaintiff has failed to state a denial of a right to access the courts claim.

The Motion to State a Claim also alleges that his legal and personal property have been stolen by unidentified officers. In a § 1983 damage suit for deprivation of property without procedural due process, the plaintiff has the burden of pleading and proving the inadequacy of state processes, including state damage remedies to redress the claimed wrong. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). He must prove the due process element--inadequacy of state processes--even if the property deprivation was intentional. *Id.* at 1065. Plaintiff has failed to state a deprivation of property without procedural due process claim since he has not alleged that there is no available process with the Michigan Department of Corrections or the State of Michigan by which he may address his claim.

Plaintiff further alleges in his Motion to State a Claim that he was brutally beaten by unnamed officers, aided by unnamed prison inmates. The Eighth Amendment prohibits the wanton infliction of pain and guards against intolerable prison confinement. *Whitely v. Albers*, 475 U.S. 312, 327 (1986). In addition, the Eighth Amendment condemns behavior that is "barbarous" or contravening of society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). In instances where assault is alleged, a plaintiff must establish actual knowledge on the part

of the defendant of a specific threat of harm, or participation in the injurious activity. *Marsh v. Arn*, 937 F.2d 1056 (6th Cir. 1991). Plaintiff in his Motion to State a Claim failed to allege facts that any specific defendant participated in any alleged assault upon Plaintiff.

In his Motion for Reconsideration (and/or Objections), Plaintiff alleges he has been denied access to his legal mail because it was withheld from him for a week. The First Amendment protects a prisoner's right to receive mail, "but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003); *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). There is heightened concern when prison officials place restrictions on legal mail. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). The prisoner's First Amendment right is violated if the restrictions are implemented in an arbitrary or capricious manner. *See Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). To state a claim of interference with legal mail, a prisoner must demonstrate prejudice to a pending or contemplated litigation. *Truss-El v. Bouchard,* 2004 WL 1447653 **2 (6th Cir. Jun. 18, 2004) (citing *Lewis v. Casey,* 518 U.S. 343, 351 (1996)). Plaintiff does not allege that prison officials, other than delaying receipt of the mail, have failed to deliver Plaintiff's mail. Plaintiff also does not allege that any of his pending or contemplated litigation was prejudiced because of the delay. Plaintiff has not sufficiently alleged a constitutional denial of access to his legal mail.

Accordingly,

IT IS ORDERED that Magistrate Judge Majzoub's Report and Recommendation dated June 18, 2008 **(Doc. No. 6)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law and the June 18, 2008 Order Denying Plaintiff's Motion to State a Claim **(Doc. No. 7)** is AFFIRMED.

4

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration for Leave to File an Amended Complaint (**Doc. No. 9**), also considered as Objections to the Report and Consideration and an Appeal of the Order Denying Plaintiff's Motion to State a Claim, is DENIED.

IT IS FURTHER ORDERED the Complaint is DISMISSED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Marvin Ford, Reg. No.on July 31, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager